CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 01 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS L. SWITZER, | Civil Action No. 5:10cv00128 |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| TOWN OF STANLEY, ET AL, | By: Samuel G. Wilson |
| Defendants. | United States District Judge |

This is an action pursuant to 42 U.S.C. § 1983, by plaintiff, Thomas L. Switzer, who is proceeding *in forma pauperis*, against the Town of Stanley, Virginia and two of its police officers, R.B. Dean and Brown, arising out of two separate arrests for violating the terms of a protective order. Switzer filed another substantially similar complaint which the court dismissed without prejudice for failing to state a claim for relief that was plausible on its face. Switzer v. Town of Stanley, No. 5:10CV00096 (W.D. Va. Sept. 29, 2010). Though Switzer has added some facts to his allegations, even viewed in the light most favorable to Switzer, he still has not stated a plausible claim for relief. Accordingly, the court dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

In the dismissed suit, Switzer attached two misdemeanor arrest warrants to his complaint. Each warrant alleged that Switzer violated a protective order issued pursuant to Virginia Code § 16.1-253.1, in violation of Virginia Code § 16.1-253.2. The Juvenile and Domestic Relations District Court of Page County, Virginia issued the first warrant on October 26, 2009, based on the complaint of Page County Deputy Sheriff A. B. Hammer and the second on November 7,

2009, based on the complaint of Sgt. R.B. Dean of the Town of Stanley Police Department.

Switzer alleged that Officer Brown "committed acts of police misconduct" which Switzer identified as "legal malpractice, false arrest, and entrapment" relating to his October 26, 2009, arrest. Switzer alleged that he was convicted and his conviction was "on appeal to the Court of Appeals." He stated that the "claims presented [then were] for the actions that preceded the arrest for violating the protection order [and that he was] not seeking a review of the criminal conviction[.]"

Switzer also alleged that Sgt. Dean arrested him for the same offense and that he was acquitted. He "assert[ed] that the arrest and imprisonment by Sgt. Dean like the one by Brown violated his civil rights[.]"

Switzer further alleged that Virginia Code § 16.1-253.2 is unconstitutional because it "subject[ed] innocent respondents to legal abuses by angry and vindictive spouses and arbitrary enforcement by jurists and law enforcement." His complaint argumentatively asserted that because he is *pro se*, the court must liberally construe his complaint.

The court believed that Switzer's initial complaint was scant on facts which, if taken as true, would support a claim to relief that was plausible on its face. All that could be rationally or reliably discerned from Switzer's complaint was that Switzer had been arrested twice for violating a protective order, that he had been convicted once and acquitted once, and that he was complaining about each arrest. In short, it lacked any coherent claim or factual content that would allow this court to draw the reasonable inference that the defendants were liable for actionable misconduct. Accordingly, the court *sua sponte* dismissed Switzer's complaint without prejudice.

Switzer has now submitted a new complaint to the court that is nearly identical to the prior complaint except for the additional nearly unintelligible account of his first arrest by Officer Brown:[1]

> My wife and I had a domestic dispute that lead to me going to my parents house in Stuart's Draft, VA. After some time I decided to try to reconcile with my wife [sic]. At the time I had received no notice that I could not return to my home. In fact, when contacted, the Stanley PD stated that there was no protective order. However, when I did return home I was confronted and detained by Officer Brown. Officer Brown said he must detain me for service of court documents barring me from my own residence. Officer Brown did not offer me an alternative although there was some suggestion made in state court in the criminal proceeding that he did. There was some assertion made in state court that he would have let me go if I would have given him an alternative address for service. This is in contradiction to the documents which he would have known had an address for service on them and they had my parents address. In any event, even if his version of events are true this would not negate the false arrest claim because making my detention predicate to an action on my part is not granting me the absolute freedom to leave and receive service elsewhere. He is basically saying that I could not leave unless I gave him an address which is no different that[sic] saying I can't leave until the paperwork is served on me.

(Compl. 3–4.)

## II.

Switzer's new complaint does not contain sufficient facts which, if taken as true, would support a claim to relief that is plausible on its face. Accordingly, the court *sua sponte* dismisses Switzer's complaint without prejudice.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall "at any time" dismiss an *in forma pauperis* complaint if it "fails to state a claim upon which relief may be granted." "[A] judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus,

---

[1] Curiously, Switzer has omitted the two warrants that were included in the original complaint from his second complaint. This leads the court to infer that their existence served as an inconvenient truth highlighting a significant flaw in Switzer's unlawful arrest claim.

551 U.S. 89, 94 (2007) (citations omitted). The court construes *pro se* complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." See id. (internal quotation marks and citation omitted). Even still, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("[While *pro se* complaints] must be held to less stringent standards than formal pleadings[,] . . . even a *pro se* complainant must plead factual matter that permits the court to infer more than the mere possibility of misconduct.") (internal quotation marks and citations omitted).

Here, none of the additional facts presented in Switzer's new complaint are sufficient to plead a plausible claim or for that matter an intelligible one. Although *pro se* complaints are held to "less stringent standards," Erickson, 551 U.S. at 94, this does not give *pro se* litigants the privilege of submitting claims based on unintelligible facts. From the facts as plead, the court can only discern that Switzer is complaining that he arrived at his house, and was "detained." Section 1983 is not "a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 (1979). Consequently, Switzer must plead facts showing that he was deprived of a constitutional right. Contextually, he must show that his detention violated his Fourth Amendment rights. His complaint must contain enough factual content to allow this court to draw the reasonable inference that the defendants are liable for

actionable misconduct.[2] His complaint fails to satisfy these basic pleading requirements.

Though not a lawyer, Switzer is not unfamiliar with the federal court's procedural rules. He is a prolific, *pro se* litigant who knows how to say what he wants to say. See Switzer v. Town of Stanley, No. 5:10CV00096 (W.D. Va. Sept. 21, 2010); Switzer v. Hennessy, No. 5:09CV00091 (W.D. Va. Oct. 30, 2009); Switzer v. Credit Acceptance Corp., No. 5:09CV00075 (W.D. Va. Sept. 28, 2009); Switzer v. Smith, No. 5:09CV00013 (W.D. Va. March 25, 2009); Switzer v. Credit Acceptance Corp., No. 5:08CV00071 (W.D. Va. Aug. 25, 2008); Switzer v. Garst, No. 5:04CV0064 (W.D. Va. July 6, 2004); Switzer v. Filson, No. 5:01CV00071 (W.D. Va. Sept. 5, 2001); Switzer v. Virginia, No. 5:00CV00013 (W.D. Va. Feb. 16, 2000). Here, Switzer cites relevant authority reminding the court of its obligations to liberally construe his complaint because he is *pro se*, quotes from Chief Justice Marshall, and explains why the Rooker- Feldman Doctrine has no application to his claims. The court does not think it is asking too much to require him to spend as much time pleading facts that show a Fourth Amendment violation, as he has spent researching the law and pointing it out to the court. His *pro se* status gives him no special license to engage in groundless litigation or to avoid minimal pleading requirements so the court can judge for itself whether it is groundless. Accordingly, the court

---

[2] The court notes that Switzer has named the Town of Stanley as a defendant. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dept. of Soc. Servs. of N.Y.C., 436 U. S. 658, 690 (1978). Thus, a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981). That is, "the entity's official policy must have played a part in the alleged violation of federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 817–818 (1985). Switzer has failed to show that an official policy of the Town of Stanley that was involved with the constitutional violations he alleges.

dismisses his complaint.

## III.

For the reasons stated, the court dismisses Switzer's complaint pursuant to 18 U.S.C. § 1915(e)(2)(B)(ii) without prejudice.[3]

**ENTER**: This December 1, 2010.

UNITED STATES DISTRICT JUDGE

---

[3] Section 1915(e) applies to all *in forma pauperis* filings "in addition to complaints filed by prisoners[.]" Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). Accordingly, it is the proper vehicle to dismiss Switzer's complaint.